SLOVITER, Circuit Judge,
joining in Parts I, II, and IV of the majority’s opinion and concurring in the result.
Were I a member of Congress, I would willingly vote to support a statute with the provisions that my colleagues read into section 155 of title 28. But I do not join Part III of Judge Stapleton’s opinion because we have the obligation to construe the text of a statute according to its terms, even if we believe that it is likely that Congress made an inadvertent omission. This is particularly so when the language of the statute literally applied, reaches a coherent, albeit undesired, result. Like the district court, I “reluctantly” must conclude that the Bankruptcy Amendments and Federal Judgeship Act of 1984 does not authorize the temporary transfer of bankruptcy judges to the district courts of the Virgin Islands.
The relevant statutory language provides that “[a] bankruptcy judge may be transferred to serve temporarily as a bankruptcy judge in anj judicial district other than the judicial district for which such bankruptcy judge was appointed-” 28 U.S.C. § 155(a) (emphasis added). Both the majority and the district court have correctly framed the statutory question as “what did Congress intend when it used the term ‘judicial district’ in section 155.” Maj. op. at 97. And as both the district court and the majority have recognized, that term is expressly defined. Section 451 of title 28 provides that “[a]s used in this title ... [t]he term ‘district’ and ‘judicial district’ mean the districts enumerated in Chapter 5 of this title.” 28 U.S.C. § 451 (emphasis added). In turn, chapter 5 of title 28 creates 91 enumerated judicial districts, including one for the District of Puerto Rico, but not for the Virgin Islands. See 28 U.S.C. §§ 81-131.
The Supreme Court has emphasized that
in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: “judicial inquiry is complete.”
Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted) (declining to adopt interpretation of section of the Bankruptcy Amendments and Federal Judgeship Act of 1984 that was inconsistent with preexisting section of title 28). The text at issue before us admits of no ambiguity. Accordingly, we must assume that Congress meant for the term “judicial district” in section 155 to refer only to those districts enumerated in chapter 5 of title 28. Because the Virgin Islands is not one of those districts, I am compelled to conclude that section 155 does not authorize the temporary transfer of a bankruptcy judge to the Virgin Islands.
The majority does not purport to have discovered an ambiguity in any of the statutes relevant to its decision. Rather, they contend that the definitions contained in section 451 are not controlling as they only “presumptively” reflect congressional intent. Significantly, the only authority that the majority cites in support of its interpretive technique is International Longshoremen’s & Warehousemen’s Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275 (1952). There, the Court was called upon to determine whether the phrase “district court of the United States” as used in section 303(b) of the LMRA included the then-territorial court of Alaska. After not *104 ing that the phrase “district court of the United States” “commonly described] constitutional courts created under Article III of the Constitution” as opposed to the territorial courts, the Supreme Court reasoned that the context and purpose of the LMRA required a broader definition. Id. at 241, 72 S.Ct. 235 (emphasis added). Significantly, the language at issue there was not defined in the LMRA nor was it subject to the definitional sections of title 28. Thus, with no explicit direction from Congress, the Court declined to apply the “historic” definition of the phrase “district court of the United States” and, instead, adopted one more in keeping with the national policy underlying the LMRA. Id. at 243, 72 S.Ct. 235.
In contrast, Congress has expressly defined the term “judicial district” as it appears in section 155 and elsewhere throughout title 28. As such, we are not at liberty, as was the Court in Juneau Spruce, to fashion a definition which, in this court’s view, better serves the legislative purpose. Where Congress has made its intention explicit in the text of the statute, we are bound to follow its clear instruction. It is pure conjecture for the majority to presume that Congress did not realize that by placing section 155 within title 28 it would be subject to that title’s definitional provisions.
Of course, I agree with the majority that one of the purposes underlying the 1984 Act was “to facilitate efficient use of judicial resources.” Maj. op. at 101. It does not follow that Congress intended to enact every provision that would enhance judicial efficiency. Admittedly, one of Congress’s overarching objectives was to facilitate the efficient distribution of judicial resources, but the unambiguous means by which Congress chose to advance that objective was to authorize the temporary transfer of bankruptcy judges to the 91 “judicial districts” enumerated in chapter 5 of title 28. Our belief that other transfers would also facilitate efficient use of judicial resources cannot drive our analysis.
I conclude, therefore, that section 155 did not authorize the transfer of Judge Cosetti to the Virgin Islands. As such I cannot join in Part III of the majority’s opinion.
I do, however, agree with the majority that 28 U.S.C. § 332(d)(1) invested the Judicial Council with the authority to effect the transfer. Thus, to the extent that I, in my capacity as Chief Judge of the Third Circuit, signed the orders on behalf of the Judicial Council .designating and assigning Judge Cosetti to the District of the Virgin Islands under the authority of 28 U.S.C. § 155(a), repeating the language used by my predecessor in entering similar orders, I believe I erred in the statutory reference, although I believe that the Judicial Council clearly had the authority to assign Judge Cosetti under 28 U.S.C. § 332(d)(1), given the need for his service. Accordingly, I concur in the judgment of the court.